445 A.2d 1266

**Pauline BROYAKA,**

v.

**Dominic A. CAPONE, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1981.

Filed May 21, 1982.

Kevin Canavan, Philadelphia, for appellant.

Joseph D. Shein, Philadelphia, for appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The instant appeal arises following a jury verdict for the Plaintiff-Appellee, and the denial of post-trial motions by the lower court. The case involved a motor vehicle collision and the jury which considered the evidence rendered an award in the amount of Sixty Thousand ($60,000.00) Dollars for the Appellee. The Appellant has not contested the jury's findings of liability, but only its award of damages.

With respect to the award, he has raised two principal claims in contending that he is entitled to a new trial. He first argues that the lower court erred in submitting the issues of permanent and total disability and loss of future earnings to the jury. Second, he maintains that because there was purportedly an absence of any actuarial evidence or other mathematical guidance from which the jurors could have made a calculation of present worth in their assessment of damages, the trial judge committed error in submitting the issue of the loss for future earnings to the jury. We find no merit to either contention.

■ We first address the issue of whether the lower court erred in submitting the question of permanent and total disability to the jury. It is the Appellant's position that the Appellee offered the opinions of three experts which were contradictory and irreconcilable on the issue of causation. Thus, he contends, the jury was compelled to engage in conjecture in order to find a causal connection between the Appellee's traumatic injuries and her resulting disabilities, which the jury found were total and permanent.

We find that the Appellant's initial claim is devoid of merit and is based upon a serious mischaracterization of the record of testimony presented on behalf of the Appellee at trial. The Appellant discusses the testimony of three physicians, Drs. Dykyj, Alter and Polakoff. He points out that Dr. Polakoff, a neurosurgeon who examined the Appellee upon a referral from Dr. Dykyj, the Appellee's family physician, asserted that the Appellee's neck and back problems could be traced to work and degenerative disc disease. It is clear that Dr. Polakoff's conclusions differed from those of Dr. Alter, another neurosurgeon, who opined that the Appellee's cervical and lumbrosacral strains, which he diagnosed, were directly attributable to the accident in issue. The Appellant notes that Dr. Dykyj agreed with Dr. Alter and not Dr. Polakoff, but leaves the impression that Dr. Polakoff's testimony was offered by the Appellee at trial. In fact, the Appellee offered only the testimony of Drs. Dykyj and Alter. The conclusion reached by Dr. Polakoff became a part of the record only as a result of cross-examination of Dr. Dykyj by the Appellant's counsel. The Appellee obviously cannot be found to have presented testimony or to have been bound by any opinion of Dr. Polakoff.

The Appellant further argues that Dr. Alter's testimony regarding the permanency of the disability must be disregarded since he allegedly based his opinion upon grounds of vocational or occupational training and placement, while his sole area of expertise was in medical science. It is true that Dr. Alter did express the opinion that the Appellee might be disqualified from future employment because she did not

possess certain supervisory skills. However, it is apparent that the Appellant has either ignored evidence of record or mischaracterized it. Dr. Alter clearly and emphatically stated that his opinion as to the Appellee's disability was based upon a medical analysis, as is evident in the following exerpt from his testimony on cross-examination: "Counselor, I have answered that question I believe more than once. I don't think that she can work. It's my medical opinion she cannot work. I addressed the medical aspect of the case and disqualified her on medical grounds primarily."

There was certainly sufficient evidence from the Appellee's medical experts, and additional supportive testimony from the Appellee herself, which justified the lower court's submission of the question to the jury of whether the Appellee was permanently and totally disabled as a result of the Appellant's negligent operation of his vehicle. Therefore, we must reject the Appellant's initial claim of error.

■ We next examine the Appellant's assertion that there was insufficient evidence offered by the Appellee to justify the submission of the question of loss of future earnings to the jury. The Appellant's position is that the jury was not furnished with any actuarial table or other mathematical guidance from which it could have made a calculation of present worth, for the purpose of assessing damages.

The record shows that the Appellee introduced evidence of her last weekly wage, which was in the amount of One Hundred Sixty-Four ($164.00) Dollars, and also brought before the jury that her total future wages from June 1, 1980, until the time of her sixty-fifth (65) birthday would have been in the amount of Fifty-Nine Thousand Five Hundred ($59,500.00) Dollars. A stipulation was entered into the record that the Appellee's employer did not discriminate on the basis of age and that the Federal law now provides a mandatory retirement at the age of seventy (70).[1] The trial

1. While we are aware of no Federal law which mandates retirement at any specific age, there is no issue before this Court on this appeal concerning the correctness of the stipulation entered into by the parties in the lower court.

judge and attorneys for both parties explained to the jury that any award for future wages had to be reduced to present worth. Further, in its charge to the jury, the lower court went to considerable lengths to explain the complicated concept of reduction to present worth.

We find several reasons to reject the Appellant's claim. First, there is no contention that the Sixty Thousand ($60,-000.00) Dollar award of the jury was excessive, and we are also mindful that it presumably included the component of pain and suffering, as well as some measure of a loss of future earnings. Second, the Appellant makes no claim that the lower court committed error in any way in its charge to the jury concerning the reduction to present worth of any award for the loss of future wages. Next, we note that the Supreme Court of Pennsylvania decided in 1980 that the practice of discounting future lost earnings would be abandoned, so that the impact of inflation would be reflected without specifically submitting the question to a jury. This change in the law was made subsequent to the trial in the instant case, in *Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980). However, the Court in *Kaczkowski* specifically pointed out that it had never been required that proof in support of claims for damages or compensation had to conform to a particular standard of mathematical exactness. The Court, citing its earlier decision in *Western Show Co., Inc. v. Mix*, 308 Pa. 215, 162 A. 667 (1932), declared that if the facts presented to the jury afford a reasonably fair basis for calculating how much a plaintiff may be entitled to, such evidence will not be regarded as legally insufficient to support a claim for compensation. While the Court in *Brodie v. Philadelphia Transportation Co.*, 415 Pa. 296, 203 A.2d 657 (1964) approved the use of present worth tables, it did not hold in that case or in any other *pre-Kaczkowski* decision that the use of such tables was mandatory in our Commonwealth.

Based upon all of these factors, and in view of the patently fair amount awarded by the jury in the instant case, we reject the Appellant's second contention of error.

Affirmed.